PER CURIAM. The record discloses that the charge of the court below covers nineteen pages. In the charge each issue was read to the jury and the contentions of the parties carefully given on same and the law applicable. We can discover no error in the charge nor in the admission or exclusion of evidence. In the nineteen pages of the charge of the court below the "specific" exceptions to the charge are not set forth.

"We have no power here except to 'review upon appeal any decision of the courts below, *upon any matter of law or legal inference.*' Const. of N. C., part Art. IV, sec. 8." *Rawls v. Lupton,* 193 N. C., p. 428.

It may be noted that no legal authorities are cited in the briefs of the learned counsel for plaintiff or defendant. The facts as found by the jury were in favor of plaintiff and against the defendant. On the record we can find

No error.

---

A. M. McLEAN v. STATE BANK OF McBEE ET AL.

(Filed 12 October, 1927.)

APPEAL by defendant, State Bank of McBee, from *Harris, J.,* at February Term, 1927, of HARNETT.

Civil action to restrain the sale of a tract of land in Harnett County until the claims of mortgagees, judgment creditors and the plaintiff, who alleges that he has a contract to buy said land, can be determined and adjudicated.

From a judgment overruling a demurrer interposed by the State Bank of McBee upon the ground (1) that the complaint does not state facts sufficient to constitute a cause of action against said defendant, and (2) that there is a misjoinder both of parties and causes of action, the said demurring defendant appeals, assigning error.

*Young & Young for plaintiff.*
*Hoyle & Hoyle for defendant, State Bank of McBee.*

PER CURIAM. Without detailing the allegations of the complaint, which are quite lengthy, we are convinced from a perusal of the record, that the demurrer was properly overruled on both grounds.

Affirmed.